LEAR, Judge.
This is an action in quanti minoris involving defects in a residence purchased by plaintiffs from defendant. Most of the defects involved the heating, air conditioning and the electrical wiring of the house. The air conditioner had been installed and wired by defendant.
In addition to a reduction in the cost of the property, plaintiffs ask for attorney fees on the basis of LSA-C.C. 2545 which provides for attorney fees when the seller knows of the vice in the thing he sells.
In financing the property, the parties entered into a sale and resale whereby defendant sold to a savings and loan association who, in turn, resold to plaintiffs on the same date. Defendant filed an exception of no right of action alleging that defendant was not plaintiffs’ vendor as required by LSA-C.C. 2520.
*125 LSA-C.C. art. 2520 reads as follows:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
The trial judge correctly overruled the exception. Paragraph 3 of the act of sale from the savings and loan association to plaintiffs subrogated to plaintiffs all rights and actions in warranty against all former owners of the property.
After a trial on the merits the court awarded plaintiffs $1,240.00 as damages, plus $310.00 as attorney fees. Defendant appealed.
The trial judge in his reasons for judgment awarded plaintiffs $810.00 for electrical wiring and $430.00 for replacing the heater and coils, plus attorney fees in the sum of $350.00. Plaintiffs answered the appeal asking only for an increase in attorney fees for handling the appeal.
Defendant argues that no attorney fees should be allowed under LSA-C.C. art. 2545 since defendant was in good faith.
LSA-C.C. art. 2545 reads as follows:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, including reasonable attorneys’ fees, is, answerable to the buyer in damages.”
There was a conflict in the testimony concerning whether or not defendant told plaintiffs of having problems with the heater after defendant installed a new air conditioning coil improperly; however, the court was of the opinion that defendant did not so declare and we cannot say that the trial judge committed manifest error.
The attorney fees will be increased to $500.00 and in all other respects the judgment of the trial court is affirmed, appellant to pay all costs.
AMENDED AND AFFIRMED.